UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ERIK SCHMAUS, | No. 2:20-cv-1356 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| P. COVELLO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 ( Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

////

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint sets forth three claims against six named defendants: P. Covello, the Warden of Mule Creek State Prison; Christopher Smith, the prison's Chief Physician and Surgeon; Dr. Bal, the prison's Chief Medical Executive; Drs. Wong and Vaughn, plaintiff's primary care providers at MCSP; and S. Gates, identified as "Chief Healthcare Correspondence & Appeals Branch, Policy & Risk Management Services, California Correctional Health Care Services." The complaint alleges in sum as follows.

Plaintiff had facial reconstructive surgery in 2017, which included the insertion of metal plates and screws. When his pain medication was subsequently discontinued too soon, plaintiff filed a 602 (inmate grievance). Dr. Smith reviewed the 602 and said to plaintiff that unless plaintiff signed off on the 602, Dr. Smith would take away plaintiff's lower bunk chrono. On July 3, 2017, plaintiff refused to sign off and Dr. Smith rescinded the lower bunk chrono. Drs. Wong and Vaughn then refused to re-issue the lower bunk chrono, even though they knew that plaintiff had a history of elbow instability and lower back problems. On November 25, 2017, plaintiff fell off the top bunk and injured his knee, neck and lower back.

Claim One asserts that Drs. Smith, Wong and Vaughn violated plaintiff's Eighth Amendment right to adequate medical care by rescinding (Smith) and failing to re-issue (Wong

3

and Vaughn) plaintiff's lower bunk chrono. ECF No. 1 at 4-5. Claim Two contends that Smith retaliated against plaintiff by rescinding the lower bunk chrono. Id. at 6. Claim Three asserts that all defendants threatened plaintiff's safety by failing to "fix the [upper bunk] issue before the injury occurred." Plaintiff's several 602 and other written complaints notified all defendants of the problem, and the warden is the hiring authority. Id. at 7-8.

IV. Claim for Which a Response Will Be Required: Retaliation

To state a viable First Amendment retaliation claim, a prisoner must allege facts supporting the following five elements of liability: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." Brodheim v. Cry, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).

For purposes of screening, the court will assume that the alleged refusal to "sign off" on Smith's review of plaintiff's 602 constitutes protected conduct. Plaintiff has alleged that Smith specifically threatened him with revocation of the lower bunk chrono should plaintiff refuse to sign; the swift rescission of the chrono following plaintiff's continued refusal therefore reasonably supports retaliatory intent. Smith will be required to answer Claim Two.

V. Failure to State a Claim: Eighth Amendment

Claims One (medical care) and Three (safety) are both governed by the Eighth Amendment's deliberate indifference standard. See Farmer v. Brennan, 511 U.S. 825 (1994). Inadequate medical care is unconstitutional when the acts and omissions of prison officials are "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff's allegations must show both that his medical or safety needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 299 (1991). The requisite state of mind, "deliberate indifference," is more than negligence. Farmer, 511 U.S. at 835-837. Rather, deliberate indifference is established only where the defendant subjectively knows of and disregards an

4

excessive risk to inmate health and safety. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). These requirements apply to each defendant individually.

The allegations here involve plaintiff's safety in light of his medical condition, but do not challenge his medical care per se. As to defendants Smith, Wong and Vaughn, who made the disputed decisions to rescind and not to reinstate plaintiff's lower bunk chrono, the claim fails for lack of facts demonstrating either the objective existence of an excessive risk of harm or a culpable state of mind. The fact that plaintiff had pre-existing elbow and back problems does not, without more, support an inference that it was objectively dangerous for him to be assigned to an upper bunk, or that any doctor failed to ensure a lower bunk assignment in deliberate disregard of a subjectively appreciated and excessive risk to plaintiff's safety. As pleaded, these claims sound only in negligence, which does not rise to the level of an Eighth Amendment violation. Farmer, 511 U.S. at 835-837.

The failure of other defendants (Covell, Bal and Gates) to intervene once alerted by plaintiff's 602s does not, without more, support liability. The warden's general responsibility for staff, including his hiring authority, does not make him liable for the actions of subordinates. See Iqbal, supra, 556 U.S. at 676 (section 1983 does not permit *respondeat superior* liability). To establish supervisory liability, plaintiff must show facts to indicate that a supervisor defendant such a the warden either: (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). Plaintiff's conclusory allegations that high-ranking defendants knew about his appeals are insufficient to establish their knowledge of ongoing violations and failure to take remedial actions available to them.

Similarly, the rejection of plaintiff's appeals does not support § 1983 liability. The mishandling of inmate appeals does not itself violate the Constitution, because inmates are not constitutionally entitled to a specific grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Officials who respond

to a grievance regarding a completed wrong cannot be liable for that wrong. See George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (ruling against a prisoner on an administrative complaint about a completed injury does not cause or contribute to the violation). If plaintiff chooses to amend, he may add specific facts demonstrating the participation of supervisory defendants in causing the alleged deprivation of his rights. Such facts might include, for example, details of the information about plaintiff's situation that was provided to a defendant, on what date, by what means. In addition to facts showing that supervisory defendants were involved in the deprivation, a viable claim requires facts showing a culpable state of mind – subjective understanding of the excessive risk faced by plaintiff, and deliberate disregard of that risk. Toguchi, 391 F.3d at 1057.

VI.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable Eight Amendment claims against any defendant. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Christopher Smith on Claim Two (retaliation in violation of First Amendment) only, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his retaliation claim against defendants Smith without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of Claims One and Three, and all defendants other than Smith.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims and some do not. You have stated a claim against Christopher Smith for retaliating against you. However, you have not presented facts which show that any defendant violated your Eighth Amendment rights. To state a constitutional claim for failing to provide good enough medical care or failing to prevent injury, you must show that each defendant knew you faced an "excessive risk" to your health or safety and deliberately disregarded it. Being negligent (not doing something one should do to protect or care for another) is not enough to violate the Eighth Amendment. High ranking officials can only be sued for their own actions, not the actions of people working under them.

You have a choice to make. You may either (1) proceed immediately on your retaliation claim against Smith only and voluntarily dismiss the other claims or (2) try to amend the

complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice Claims One and Three and all defendants other than Smith.  If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  **Any claims not in the amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendants Covello, Bal, Wong, Vaughn and Gates do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on Claim Two (First Amendment retaliation) against defendant Smith only, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend

////

////

////

8

dismissal without prejudice of the Claims One and Three and defendants Covello, Bal, Wong, Vaughn and Gates.

DATED: June 23, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ERIK SCHMAUS,<br><br>        Plaintiff,<br><br>    v.<br><br>P. COVELLO, et al.,<br><br>        Defendants. | No. 2:20-cv-1356 KJM AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on Claim Two (First Amendment retaliation) against defendant Christopher Smith only, without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice Claims One and Three (Eighth Amendment) and defendants Covello, Bal, Wong, Vaughn , and Gates.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                  JASON ERIK SCHMAUS<br>
                                                                  Plaintiff pro se