UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ERIC SCHMAUS,<br><br>             Plaintiff,<br><br>     v.<br><br>P. COVELLO, et al.,<br><br>             Defendants. | No. 2:20-cv-1356 KJM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 23, 2021, the undersigned screened plaintiff's complaint and determined that it failed to state cognizable claims against certain named defendants. See generally ECF No. 10. Accordingly, plaintiff was instructed to inform the court within fourteen days whether he wished to amend the complaint or to proceed on the viable claims that had been identified therein. The fourteen-day period has ended, and plaintiff has not stated that he would like to amend the complaint. Therefore, for the reasons stated below, it will be recommended that certain defendants and the claims against them be dismissed so that plaintiff can proceed on the viable claim in this action.

////

I. THE COMPLAINT

The complaint presents three claims against six defendants: Mule Creek State Prison ("MCSP"), Warden P. Covello; Chief Physician and Surgeon Christopher Smith; Chief Medical Executive Dr. Bal; plaintiff's primary care providers Drs. Wong and Vaughn, and Chief Healthcare Correspondence & Appeals Branch employee S. Gates. See generally ECF No. 1. The claims raised against the defendants allege violations of plaintiff's First and Eighth Amendment rights. See generally id. at 4-7.

Claim One alleges that defendant Smith was deliberately indifferent to plaintiff's serious medical needs in violation of his Eighth Amendment rights when, after plaintiff had extensive surgery done on his face, defendant Smith took away his pain medication too soon. See ECF No. 1 at 4-5. Claim Two alleges that defendant Smith violated plaintiff's First Amendment right to be free from retaliation when, after plaintiff had filed a grievance to receive pain medication, defendant Smith rescinded plaintiff's lower bunk chrono because plaintiff refused to sign off on the filed grievance. See id. at 6. This decision, plaintiff alleges, ultimately led to him falling off a top bunk and being physically and mentally injured. See id. Finally, Claim Three alleges that defendants Wong, Vaughn, Bal, Gates, Smith and Covello were deliberately indifferent and ignored plaintiff's safety needs in violation of his Eighth Amendment rights when none of them intervened to correct defendant Smith's rescission of plaintiff's lower bunk chrono before plaintiff fell off the upper bunk. See generally ECF No. 1 at 5, 7.

II. SCREENING FINDINGS

On screening, the undersigned determined that Claims One and Three – asserting violations of plaintiff's Eighth Amendment rights – fail to state claims upon which relief may be granted because (1) they do not challenge plaintiff's medical care per se; (2) the facts as presented do not show that there was an excessive risk of harm in not reinstating plaintiff's lower bunk chrono or that defendants Smith, Wong and Vaughn had culpable states of mind when they did not; and (3) the claims sound only in negligence, which does not rise to the level of Eighth Amendment violation. See ECF No. 10 at 5. In addition, the undersigned determined that (4) defendant Warden Covello cannot be liable under a respondeat superior theory simply because he

hired subordinate defendants, and (5) the alleged mishandling and/or rejection of plaintiff's appeals by defendants Covello, Bal and Gates does not support liability under Section 1983 because inmates are not entitled to a specific grievance procedure under the Constitution. See id.

Claim Two, the First Amendment claim raised against defendant Smith, has been determined to reasonably support retaliatory intent given the direct link between defendant Smith's revocation of plaintiff's lower bunk chrono after plaintiff refused comply with defendant Smith's demand that he sign off on the grievance he had filed. See ECF No. 10 at 4. As a result, the undersigned intends to require defendant Smith to respond to Claim Two. See id.

### III. NO NOTICE ON HOW TO PROCEED

In the screening order, plaintiff was given the opportunity either to amend the complaint or to proceed solely on Claim Two against defendant Smith. See ECF No. 10 at 6-8, 10. When the order issued, plaintiff was informed that his failure to return the form Notice on How to Proceed would result in a recommendation that Claims One and Three, and defendants Covello, Bal, Wong, Vaughn and Gates be dismissed from this action. See id. at 8-9. Plaintiff has not filed the notice form, and the fourteen-day period within which he was to do so has expired.

Accordingly, IT IS HEREBY RECOMMENDED for the reasons set forth above and in the screening order, ECF No. 10, that:

1. Claims One and Three be DISMISSED for failure to state claims upon which relief may be granted;

2. Defendants Covello, Bal, Wong, Vaughn, and Gates be DISMISSED; and

3. This action proceed solely on Claim Two, plaintiff's First Amendment retaliation claim against defendant Christopher Smith, a physician and surgeon at Mule Creek State Prison.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings

////

////

and Recommendations. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 19, 2021

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE