UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ERIK SCHMAUS, | No. 2:20-cv-1356 KJM AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| P. COVELLO, et al., | |
| Defendants. | |

By order issued June 23, 2021, the complaint was screened and Plaintiff was given the opportunity either to proceed on a single cognizable claim against Defendant Smith or to amend the complaint. ECF No. 10. At that time, Plaintiff was given fourteen days to return the Notice on How to Proceed form, which was to inform the Court whether he wanted to proceed with the cognizable claim or amend the complaint. Id. at 8-10. Plaintiff was also told that a failure to return the notice form would result in a recommendation that Claims One and Three as well as Defendants Covello, Bal, Wong, Vaughn and Gates be dismissed from this action without prejudice. Id. at 8-9.

On July 19, 2021, having not received Plaintiff's notice form, the undersigned drafted findings and recommendations which were consistent with the June 23, 2021 screening order. Compare ECF No. 13 at 3, with ECF No. 10 at 8-9. Thereafter, on July 23, 2021, the court received and docketed Plaintiff's notice form and accompanying motion to stay or for a ninety-

1

day extension of time.[1]  ECF Nos. 14, 15.  The notice form indicated that Plaintiff wanted to amend the complaint.  See ECF No. 15.  In response to these filings, on July 28, 2021, the undersigned vacated the July 19, 2021, findings and recommendations and granted Plaintiff a ninety-day extension of time to file an amended complaint.  ECF No. 17.  At that time, Plaintiff was warned that absent exigent circumstances, no further extensions of time to amend the complaint would be granted.  See id. at 3.

On October 6, 2021, Plaintiff requested a further sixty-day extension of time.  ECF No. 19.  Plaintiff claimed that he was being returned to SATF-Corcoran in mid-October, and that due to mandatory quarantining upon his return, as well as the time it would take to have his property returned to him, he would be unable to file his amended complaint by his October 2021, deadline.  Id. at 3-4.  As a result, Plaintiff requested an extended deadline of December 23, 2021 for his amended complaint.  Id. at 4.  On October 14, 2021, the Court granted Plaintiff's extension request.  ECF No. 20.  At that time, Plaintiff was warned that absent exigent circumstances, no additional extensions of time would be granted.  See id. at 2.

On December 3, 2021, Plaintiff filed a third request for an extension of time.  ECF No. 22.  In support of his request, Plaintiff referenced the fact that he had been "in the 'hospital' 8 of the last 10 months," that he had difficulty writing, and that he had been told that not even priority prison law library users had been able to access the library four hours a month.  See id. at 2.  Plaintiff did not indicate that he was hospitalized or that he was currently ill.  See generally ECF No. 22.

On December 8, 2021, the Court granted the request in part.  ECF No. 23.  The undersigned noted the extensions of time that Plaintiff had previously been granted, and pointed out that the deficiencies in Plaintiff's original complaint were largely fact related—which means that legal research was not required for amendment.  Id. at 1-2.  Finally, the Court noted that Plaintiff's handwriting in previous filings had been legible, and that as a result, he did not need

---

[1] In the extension of time request, Plaintiff stated that a ninety-day extension to file the amended complaint was necessary because he was hospitalized in a different prison because he had a spine infection, and he had none of his legal material with him.  See ECF No. 14.  He requested up to and including October 23, 2021, to file his amended complaint.  See id. at 2.

additional time to find someone to write out the amended complaint for him. Id. at 2. accordingly, Plaintiff was granted a sixty-day extension of time to file an amended complaint; he was clearly told that it would be his final one. See id. at 2-3.

More than sixty days have passed, and Plaintiff has not filed an amended complaint, nor has he responded to Court's order in any way. Given these facts, as well as the multiple opportunities Plaintiff has been given over the past nine months to file an amended complaint, the undersigned shall recommend that this action be dismissed for failure to obey court orders and for failure to prosecute.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice for failure to obey court orders and for failure to prosecute. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 2, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE